IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00896-BNB

CHRIS TILLOTSON,

    Plaintiff,

v.

PUEBLO STATE HOSPITAL, and
THE STATE ATTORNEY GENERAL,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, Chris Tillotson, is confined at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Tillotson initiated this action by filing *pro se* a letter to the court (ECF No. 1) complaining that his teeth were damaged by a dentist at the Colorado State Hospital in 1985. The instant action was commenced and, on April 9, 2013, the court entered an order directing Mr. Tillotson to cure certain deficiencies if he wishes to pursue any claims in this action. More specifically, the court directed Mr. Tillotson to file on the proper form a Prisoner Complaint and either to pay the $350.00 filing fee or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On April 17, 2013, Mr. Tillotson paid the filing fee and he filed a document (ECF No. 4) that was docketed as a Prisoner Complaint in which he again complains that his teeth were damaged by a dentist at the Colorado State Hospital in 1985. On June 7, 2013, Mr. Tillotson filed on the proper form a Prisoner Complaint (ECF No. 13) that was not signed. On June 18, 2013, Mr. Tillotson filed a signed

Prisoner Complaint (ECF No. 17) that is the operative pleading in this action.  Mr. Tillotson asserts two claims pursuant to 42 U.S.C. § 1983.  As relief he asks that his teeth be repaired.

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Tillotson's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Tillotson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

As noted above, Mr. Tillotson asserts two claims for relief pursuant to 42 U.S.C. § 1983 in the Prisoner Complaint.  He alleges in his first claim, which he identifies as a malpractice claim, that he received poor dental care at the state hospital and that the dentist purposely damaged his teeth.  He alleges in his second claim, which he

identifies as a gross negligence claim, that the dentist used a steel tool to poke holes in his teeth, which caused a lot of pain and suffering.  Mr. Tillotson does not assert any claims against either of the Defendants listed in the caption of the Prisoner Complaint and he lists only one of those Defendants, the State Attorney General, as a Defendant in the body of the Prisoner Complaint.  (*See* ECF No. 17 at 2.)  With respect to the State Attorney General, Mr. Tillotson asserts that "[h]e had no control over what happened but he is in charge of the hospital's employees and what the[y] do wrong and right."  (*Id.*)

The instant action will be dismissed as legally frivolous because Mr. Tillotson does not allege any facts that would support an arguable § 1983 claim against the named Defendants.  Although Mr. Tillotson contends that the State Attorney General is responsible for the actions of the dentist who allegedly damaged his teeth, a defendant may not be held liable for the unconstitutional conduct of another on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  The Court also notes that, because Mr. Tillotson contends his teeth were damaged in 1985, it is apparent that his claims stemming from incident in which his teeth were damaged are barred by the two-year statute of limitations that applies to § 1983 actions in Colorado.  *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993).  Therefore, the Prisoner Complaint is legally frivolous and must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 17) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  24th  day of      June           , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court